# UNITED STATES DISTRICT COURT

for the
## Eastern District of Kentucky
## Lexington Division

| | | |
|---|---|---|
| Jason Morgan | ) | |
|      *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Ally Financial, Inc. | ) | |
|      *Defendant* | ) | |
| Serve: | ) | |
|      CT Corporation System | ) | |
|      306 W. Main Street, Suite 512 | ) | |
|      Frankfort, KY 40601 | ) | |
| | ) | |
| Americredit Financial Services, Inc. | ) | |
|      *Defendant* | ) | |
| Serve: | ) | |
|      Corporation Service Company | ) | |
|      421 West Main Street | ) | |
|      Frankfort, KY 40601 | ) | |
| | ) | |
| Bank of the West | ) | |
|      *Defendant* | ) | |
| Serve: | ) | |
|      CT Corporation System | ) | |
|      306 W. Main Street, Suite 512 | ) | |
|      Frankfort, KY 40601 | ) | |
| | ) | |
| Branch Banking & Trust Co. | ) | |
|      *Defendant* | ) | |
| Serve: | ) | |
|      CT Corporation System | ) | |
|      306 W Main Street, Suite 512 | ) | |
|      Frankfort, KY 40601 | ) | |
| | ) | |
| Capital One, N.A. | ) | |
|      *Defendant* | ) | |
| Serve: | ) | |
|      Capital One, N.A. | ) | |
|      1680 Capital One Drive | ) | |

McLean, VA 22102                      )
                                     )
Chrysler Capital                     )
*Assumed name for*                   )
Santander Consumer USA, Inc.         )
Serve:                               )
      CT Corporation System                  )
      306 W Main Street, Suite 512           )
      Frankfort, KY 40601                    )
                                     )
Citizens Bank, N.A.                  )
      *Defendant*                            )
Serve:                               )
      Citizens Bank, N.A.                    )
      One Citizens Plaza                     )
      Providence, RI 02903                   )
                                     )
GM Financial                         )
*Assumed name for*                   )
Americredit Financial Services, Inc. )
      *Defendant*                            )
Serve:                               )
      Corporation Service Company            )
      421 West Main Street                   )
      Frankfort, KY 40601                    )
                                     )
Santander Consumer USA Inc.          )
      *Defendant*                            )
Serve:                               )
      CT Corporation System                  )
      306 W Main Street, Suite 512           )
      Frankfort, KY 40601                    )
                                     )
Evansville Teachers Federal Credit Union )
      *Defendant*                            )
Serve:                               )
      Any Officer                            )
      Evansville Teachers FCU                )
      4401 Theater Drive                     )
      Evansville, IN 47715                   )
                                     )
Heritage Federal Credit Union        )
      *Defendant*                            )
Serve:                               )

|                                      |   |
|--------------------------------------|---|
| Any Officer                          | ) |
| Heritage Federal Credit Union        | ) |
| 8266 Bell Oaks Drive                 | ) |
| Newburgh, IN 47630                   | ) |
|                                      | ) |
| Old National Bank                    | ) |
| *Defendant*                          | ) |
| Serve:                               | ) |
| Tommy Elliott                        | ) |
| 333 E. Main Street                   | ) |
| Louisville, KY 40202                 | ) |
|                                      | ) |
| Regions Bank                         | ) |
| *Defendant*                          | ) |
| Serve:                               | ) |
| Regions Bank                         | ) |
| 1900 Fifth Avenue North              | ) |
| Birmingham, AL 35203                 | ) |
|                                      | ) |
| Toyota Motor Credit Corp.            | ) |
| Serve:                               | ) |
| CT Corporation System                | ) |
| 306 W Main Street, Suite 512         | ) |
| Frankfort, KY 40601                  | ) |
|                                      | ) |
| Watermark's Hudson Toyota            | ) |
| *Assumed name for*                   | ) |
| WMTC, LLC                            | ) |
| *Defendant*                          | ) |
| Serve:                               | ) |
| Corporation Service Company          | ) |
| 421 West Main Street                 | ) |
| Frankfort, KY 40601                  | ) |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

1.     Plaintiff Jason Morgan wanted to limit credit enquiries on his credit reports in connection with his test driving a vehicle for possible purchase from Watermark's Hudson Toyota ("Watermark's").

2.     Despite his explicit direction, efforts and precautions, Watermark's submitted multiple applications for credit with the defendant financial institutions that Mr. Morgan neither made nor authorized. As a result, many hard-credit inquiries appeared on his consumer credit reports. These unauthorized hard-credit inquiries lowered Mr. Morgan's credit score and caused him to lose financing on a home loan.

3.     Watermark's and Defendant financial institutions violated the Fair Credit Reporting Act ("FCRA") by obtaining Mr. Morgan's credit report for an impermissible purpose.

## JURISDICTION and VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FCRA, 15 U.S.C. § 1681p. Venue is proper, because the nucleus of relevant facts and events that affected and/or damaged Plaintiff as consumer occurred within Madison County, Ky., which is located within this District.

## PARTIES

5.     Plaintiff Jason Morgan is a natural person who resides in Madison County, Ky. Mr. Morgan is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681(c).

6.     Defendant Ally Financial, Inc. ("Ally") is a Michigan corporation registered with Kentucky Secretary of State and doing business in Kentucky. Ally's principal place of business is located at 500 Woodward Avenue, 10th Floor, Detroit, MI 48226. Ally is a "user" of consumer reports within the meaning of the FCRA.

7.     Defendant Americredit Financial Services, Inc. ("Americredit") is a Texas corporation registered with Kentucky Secretary of State and doing business in Kentucky. Americredit's principal place of business is located at 801 Cherry Street, Suite 3600, Fort Worth, TX 76102. Americredit is a "user" of consumer reports within the meaning of the FCRA.

8.     Defendant Bank of the West is a bank regulated by the Federal Deposit Insurance Corporation, with its headquarters located at 180 Montgomery Street, San Francisco, CA 94104. Bank of the West is a "user" of consumer reports within the meaning of the FCRA.

9.     Defendant Branch Bank & Trust Company ("BB&T") is a bank regulated by the Federal Deposit Insurance Corporation, with its headquarters located at 200 W. 2nd Street, Winston Salem, NC 27101. BB&T is a "user" of consumer reports within the meaning of the FCRA.

10.     Defendant Capital One, N.A. ("Capital One") is a national bank regulated by the Office of the Comptroller of the Currency with its headquarters located at 1680 Capital One Drive, Mclean, VA 22102. Capital One's business includes the extension of credit to finance automobile purchases under a division named Capital One Auto Finance. Capital One, inclusive of its Capital One Auto Finance division, is a "user" of consumer reports within the meaning of the FCRA.

11.     Defendant Chrysler Capital, assumed name for Santander Consumer USA Inc. ("Chrysler"), is a Texas corporation registered with Kentucky Secretary of State and doing business in Kentucky. Chrysler's principal place of business is located at 1601 Elm Street, Suite 800, Dallas, TX 75201. Chrysler is a "user" of consumer reports within the meaning of the FCRA.

12.     Defendant Citizens Bank. N.A. ("Citizens") is a national bank regulated by the Office of the Comptroller of the Currency with its headquarters located at One Citizens Plaza, Providence, RI 02903. Citizens' business includes the extension of credit to finance automobile purchases under a division named Citizens One Auto Finance. Citizens, inclusive of its Citizens One Auto Finance division, is a "user" of consumer reports within the meaning of the FCRA.

13.     Defendant GM Financial, assumed name for Americredit Financial Services, Inc. ("GM Financial") is a Texas corporation registered with Kentucky Secretary of State and doing business in Kentucky. GM Financial's principal place of business is located at 801 Cherry Street, Suite 3600, Fort Worth, TX 76102. GM Financial is a "user" of consumer reports within the meaning of the FCRA.

14.     Defendant Santander Consumer USA Inc. ("Santander") is a Texas corporation registered with Kentucky Secretary of State and doing business in Kentucky. Santander's principal place of business is located at 1601 Elm Street, Suite 800, Dallas, TX 75201. Santander is a "user" of consumer reports within the meaning of the FCRA.

15.     Defendant Evansville Teachers Federal Credit Union ("Evansville Teachers FCU") is a federally chartered credit union regulated by the National Credit Union Administration with its headquartered located at 4401 Theater Drive, Evansville, IN 47715. Evansville Teachers FCU is a "user" of consumer reports within the meaning of the FCRA.

16.     Defendant Heritage Federal Credit Union ("Heritage FCU") is a federally chartered credit union regulated by the National Credit Union Administration with its headquartered located at 8266 Bell Oaks Drive, Newburgh, IN 47630. Heritage FCU is a "user" of consumer reports within the meaning of the FCRA.

17.     Defendant Old National Bank ("Old National") is a national bank regulated by the Office of the Comptroller of the Currency with its headquarters located at 1 Main Street,

Evansville, IN 47708. Old National is a "user" of consumer reports within the meaning of the FCRA.

18.     Defendant Regions Bank ("Regions") is a bank regulated by the Federal Reserve Board, with its headquarters located at 1900 Fifth Avenue North, Birmingham, AL 35203. Regions is a "user" of consumer reports within the meaning of the FCRA.

19.     Defendant Toyota Motor Credit Corporation ("TMCC") is a Texas corporation registered with Kentucky Secretary of State and doing business in Kentucky. TMCC's principal place of business is located at 6565 Headquarters Drive, W2-5A, Plano, TX 75024-5965. TMCC is a "user" of consumer reports within the meaning of the FCRA.

20.     Defendant Watermark's Hudson Toyota, assumed name for WMTC, LLC ("Watermark's"), is a Kentucky corporation doing business as a seller of new and used vehicles. Watermark's principal place of business is located at 4817 Market Road, Marion, IL 62959. Watermark's is a "user" of consumer reports within the meaning of the FCRA.

## STATEMENT OF FACTS

21.     Plaintiff, Jason Morgan ("Morgan"), is engaged to be married with a goal to purchase a home for himself and his fiancé.

22.     Since early 2017, Mr. Morgan has been working to improve his credit and credit score so that he can qualify for a home loan.

23.     Mr. Morgan is keenly aware of the importance of credit and his credit score.

24.     As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it

> will make it more expensive to borrow money for any purpose, says
> Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have
> a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can
> rent a nice apartment, how much you pay for insurance or whether
> or not you can get a job," she says. Landlords, insurers and
> employers frequently use credit information as a litmus test to see if
> the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only
> show the details of how you deal with debt, some will extrapolate
> the characteristics from your financial life to other situations and
> assume that your bad credit implies that you may be just as
> irresponsible driving a car, taking care of an apartment or showing
> up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of
> your life—is on the right track.[1]

25.     Consequently, Mr. Morgan routinely monitors his credit reports in order to keep an eye on his credit and credit score.

26.     In May 2017, Mr. Morgan made an offer to purchase a foreclosed property.

27.      An express condition of the offer was his ability to obtain financing for the home.

28.     The bank that owned the foreclosed property accepted the offer.

29.     By August 2017, Mr. Morgan had raised his credit score to above 670, which was the target score he needed his score to be in order to get approval for a home loan.

30.     On or about August 2 or 3, 2017, Mr. Morgan was excited that in raising his credit score he was in a position to visit Defendant Watermark's Hudson Toyota, assumed name for WMTC, LLC ("Watermark's") to look at and consider a new vehicle purchase.

31.     Mr. Morgan found a vehicle that he was potentially interested in purchasing.

32.     Mr. Morgan arranged for a 24-hour test drive of the vehicle.

---

[1].   http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

33.     Mr. Morgan explained to the employees and representatives with whom he spoke at Watermark's that he could not make any decisions as to purchasing a vehicle until he showed it to and discussed the vehicle with his fiancé so arrangements were made to permit Mr. Morgan to drive the vehicle home and return it the following day.

34.     As part of the arrangements made to permit Mr. Morgan to drive the vehicle home he had to sign paperwork in order to drive the vehicle off the lot.

35.     Mr Morgan did not sign any credit application documents or sales contract with Watermark's.

36.     Plaintiff Morgan carefully explained to Watermark's employees and representatives that he was in the process of buying a house and applying for credit before the home loan closed and a hard-credit pull could result in him losing the loan.

37.     Mr. Morgan expressly sought assurances from Watermark's that it would not make any hard-credit inquiries or shop for financing for Mr. Morgan.

38.     Mr. Morgan returned the vehicle within the 24-hour test-drive period and did not purchase the vehicle and he did not sign a sales contract or a credit application.

39.     Mr. Morgan has an account at the Credit Karma website[2] ("Credit Karma"), a credit-reporting and credit-monitoring website maintained by the consumer reporting agencies Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union").

40.     On or about August 6, 2017, Mr. Morgan received an alert from Credit Karma that his credit score had decreased.

41.     Mr. Morgan immediately logged onto his Credit Karma account and pulled and reviewed his consumer credit reports from Equifax and Trans Union.

42.     Mr. Morgan was greatly disturbed, upset and dismayed to discover that, contrary to his express instructions, Watermark's, as well as Defendant Ally Financial, Inc. ("Ally"), Defendant Americredit Financial Services, Inc. ("Americredit"), Defendant Bank of the West, Defendant Branch Banking and Trust Co. ("BB&T"), Defendant Capital One, N.A. by means of its division Capital One Auto Finance ("Capital One"), Defendant Chrysler Capital ("Chrysler"), Defendant Citizens Bank, N.A. by means of its division Citizens One Auto Finance ("Citizens"), Defendant GM Financial ("GM Financial"), Defendant Santander Consumer USA, Inc. ("Santander") (in its own name and as Chrysler Capital), Defendant Evansville Teachers Federal

---

[2] http://www.creditkarma.com.

Credit Union ("Evansville Teachers"), Defendant Heritage Federal Credit Union ("Heritage"), Defendant Old National Bank ("Old National"), Defendant Regions Bank ("Regions"), and Defendant Toyota Motor Credit Corp. ("TMCC") (jointly, the "Defendant Financial Institutions") all made one or more hard inquiries for his consumer credit report.

43.   Upon discovering the unauthorized requests for his credit report, Mr. Morgan went to Watermark's and demanded that Watermark's correct its mistake.

44.   Almost two weeks after he demanded correction of Watermark's mistake, Watermark's sent a letter dated August 16, 2017 to the Defendant Financial Institutions, which states in pertinent part:

This letter is to inform you that we ran a credit report on an individual by mistake and are requesting that you remove the inquiry from their credit report.  We were recently notified by the individual of our mistake and would like to make sure the appropriate measures are taken to have this corrected for them.  The individual is:

45.   A true and accurate redacted copy of Watermark's August 16th letter is attached as Exhibit "A."

46.   Mr. Morgan is somewhat knowledgeable about credit reports  and like millions of other Americans, Mr. Morgan realizes the importance of his credit report and the impact of credit score on a wide variety of everyday common activities.

47.   Mr. Morgan is aware that when a potential lender runs a credit report in connection with an application for credit with that lender, the request for the credit report will result in a "hard credit" inquiry that negatively affects a consumer's credit score.

48.   Therefore Mr. Morgan did not apply for credit with Watermark's, did not enter into a sales contract with Watermark's, and expressly instructed Watermark's not to make any hard-credit inquiries for his consumer credit reports.

49.   The numerous hard inquiries caused a precipitous and substantial drop of over 100 points in Mr. Morgan's credit score.

50.   Watermark's and each of the Defendant Financial Institutions obtained on or more copies of Mr. Morgan's credit report from Trans Union, Equifax, and/or Experian Information Solutions, Inc. ("Experian") on August 3, 2017.

51.     Each pull of Mr. Morgan's credit report by Watermark's and each of the Defendant Financial Institutions resulted in a "hard credit inquiry" on Mr. Morgan's credit report.

52.     The FCRA does not expressly state a distinction between "hard" and "soft" credit inquiries but rather that distinction between hard and soft inquires flows directly from 15 U.S.C. §1681b(c)(3), which provides:

Information regarding inquiries

> Except as provided in section 1681g(a)(5)[3] of this title, a consumer reporting agency *shall not furnish* to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer.

(Emphasis added.)

53.     So consumer reporting agencies classify every user's request to see a consumer report as either a "hard" or "soft" credit inquiry, depending on the type of inquiry made by the requesting party.

As explained on the Credit Karma website, which is run by Equifax and Trans Union:

> There are two kinds of inquiries that can occur on your credit report: hard inquiries and soft inquiries. While both types of credit inquiries enable a third party, such as you or a lender, to view your credit report, only a hard inquiry can negatively affect your credit score.
>
> **What is a Hard Inquiry?**
> Hard inquiries occur when a financial institution, such as a lender or credit card issuer, checks your credit report when making a lending decision. For example, hard inquiries commonly take place when a consumer applies for a loan, credit card, or mortgage. **You typically have to authorize a hard inquiry**. Most important to note, **hard inquiries will lower your credit score by a few points and remain on your credit report for two years**. As time passes, the damage to your credit score will decrease until the hard inquiry falls off your credit report.
>
> **What is a Soft Inquiry?**
> Soft inquiries occur when a person or company checks your credit report as a background check, such as when a potential employer checks your credit, when you are "pre-approved" for credit card

---

[3.]   15 U.S.C. §1681g concerns the disclosure of a consumer's credit file to the *consumer* and not to third-party users.

offers, and when you check your own credit score. **A soft inquiry can occur without your permission.** Soft inquiries may be recorded in your credit report, depending on the credit bureau**, but they won't affect your credit score in any way.**

https://www.creditkarma.com/article/hard_inquiries_and_soft_inquiries (visited July 26, 2013) (bolding added).

54.     And as explained on the myfico.com[4] website,

Credit inquiries are requests by a "legitimate business" to check your credit.

As far as your FICO® score is concerned, credit inquiries are classified as either "hard inquiries" or "soft inquiries"–**only hard inquiries have an affect on your FICO score.**

Soft inquiries are all credit inquiries where your credit is NOT being reviewed by a prospective lender. These include inquiries where you're checking your own credit (such as checking your score in myFICO), credit checks made by businesses to offer you goods or services (such as promotional offers by credit card companies), or inquiries made by businesses with whom you already have a credit account.

**Hard inquiries are inquiries where a potential lender is reviewing your credit because you've applied for credit with them**. These include credit checks when you've applied for an auto loan, mortgage or credit card.... **A FICO score takes into account only *voluntary* inquiries that result from your application for credit.** The information about inquiries that can be factored into your FICO score includes:

- Number of recently opened accounts, and proportion of accounts that are recently opened, by type of account.
- Number of recent credit inquiries.
- Time since recent account opening(s), by type of account.
- Time since credit inquiry(ies).
- **A FICO score does not take into account any involuntary inquiries made by businesses with whom you did not**

---

[4]   "myFICO is the consumer division of FICO. Since its introduction 20 years ago, the FICO® Score has become a global standard for measuring credit risk in the banking, mortgage, credit card, auto and retail industries. **90 of the top 100 largest U.S. financial institutions use the FICO Score to make consumer credit decisions**." http://www.myfico.com/Guest_Home.aspx (visited July 27, 2013) (bolding added).

**apply for credit**, inquiries from employers, or your own requests to see your credit report

www.myfico.com/crediteducation/questions/inquiry-credit-score.aspx (visited July 26, 2013) (bolding and emphasis added).

55.     Whether a consumer reporting agency or FICO categorizes a credit inquiry as "hard" or "soft" depends directly on the user of the report and whether the user classifies its request as a voluntary or involuntary request, *i.e.* whether the request was made in connection with a credit transaction initiated by the consumer.

56.     The inquiries for Mr. Morgan's consumer report made by Watermark's and each of the Defendant Financial Institutions were all involuntary, *i.e.* Mr. Morgan did not initiate a credit transaction with any of these financial institutions by applying for credit with any of these institutions.

57.     Nonetheless, Trans Union, Equifax, and/or Experian classified the inquiries for Mr. Morgan's credit report made by Watermark's and each of the Defendant Financial Institutions as "hard inquiries." This means that each defendant falsely represented to Trans Union, Equifax, and/or Experian that Mr. Morgan had initiated a credit transaction with each respective Defendant.

58.     Each inquiry made by Watermark's and each of the Defendant Financial Institutions for Mr. Morgan's credit report on August 3, 2017 was made for an impermissible purpose because each request was purportedly and falsely made in connection with an affirmative request for credit made by Mr. Morgan, but Mr. Morgan did not request credit from Watermark's or from any of the Defendant Financial Institutions in connection with the 24-hour test drive.

59.     The impermissible inquiries for his consumer credit reports by Watermark's and each of the Defendant Financial Institutions individually and collectively lowered Mr. Morgan's credit score and caused him to lose eligibility for financing the purchase of a home for him and his fiancé.

60.     One of Congress's primary purposes in enacting the FCRA was to protect consumers' privacy by strictly limiting the purposes for which a user may request a consumer report. 15 U.S.C. § 1681b ("Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other.").

61.     Regarding the 1994 amendments to the FCRA:

    a.   Representative Kennedy stated:

-12-

Equally disturbing is the growing distribution of credit reports without a consumer's knowledge or consent. These reports contain very personal information about a consumer's life. When that information is sent far and wide without consent, then the consumer suffers an invasion of privacy that can be personally embarrassing and financially damaging.... These practices must stop. **The right to privacy is sacred to all Americans, and we should not tolerate its erosion.**

For tens-if not hundreds-of thousands of consumers, the promise of the information highway has given way to an Orwellian nightmare of erroneous and unknowingly disseminated credit reports. The legislation we bring to the floor today takes a number of steps to improve both the accuracy and privacy of consumer reports:

140 Cong. Rec. H9797-05, 140 Cong. Rec. H9797-05, 1994 WL 526868. (Bolding added).

b.   Representative Torres stated:

Today, consumers' lives are an open book. **Sensitive personal and financial data is bought and sold with little or no regard for the privacy of the consumer.**

*Id.* (Bolding added).

c.   Representative Mfume stated:

It has been equally disturbing by many that the distribution of credit reports, kind of willy-nilly across this Nation without consumers' knowledge and consent. This legislation seeks to deal with many of those problems.

*Id.*

d.   Representative Schumer stated;

In the modern era, one punch of a computer button can instantly deliver to anyone with a computer terminal more confidential information about an American citizen than a private detective could unearth in a week.

When that information is correct, there is a legitimate fear of big brother. Who has access to this information and for what purposes?

*Id.*

62.     Mr. Morgan's consumer reports at issue contained sensitive personal information, such as his full name, address, and social security number.

63.     Each defendant's unlawful credit enquiry request, acquisition, and review of Mr. Morgan's sensitive personal information was damaging to Mr. Morgan's credit score and highly offensive to Mr. Morgan, as it would be to any other reasonable person.

64.     The unauthorized hard-credit inquiries for Mr. Morgan's credit reports by the defendants damaged Mr. Morgan's credit worthiness and caused Mr. Morgan a great deal of upset, anxiety, and frustrated his goal of homeownership.

## CAUSE OF ACTION

## I.     Defendants' Violations of the Fair Credit Reporting Act

65.     Defendant Ally Financial, Inc. ("Ally"), Defendant Americredit Financial Services, Inc. ("Americredit"), Defendant Bank of the West, Defendant Branch Banking and Trust Co. ("BB&T"), Defendant Capital One, N.A. by means of its division Capital One Auto Finance ("Capital One"), Defendant Chrysler Capital, assumed name for Santander Consumer USA, Inc. ("Chrysler"), Defendant Citizens Bank, N.A. by means of its division Citizens One Auto Finance ("Citizens"), Defendant GM Financial, assumed name for Americredit Financial Services, Inc. ("GM Financial"), Defendant Santander Consumer USA, Inc. ("Santander"), Defendant Evansville Teachers Federal Credit Union ("Evansville Teachers"), Defendant Heritage Federal Credit Union ("Heritage"), Defendant Old National Bank ("Old National"), Defendant Regions Bank ("Regions"), and Defendant Toyota Motor Credit Corp. ("TMCC"), and Defendant Watermark's Hudson Toyota, assumed name for WMTC, LLC ("Watermark's") (jointly, "the Defendants") each knowingly and intentionally violated the FCRA by requesting Mr. Morgan's consumer report for an impermissible purpose, *i.e.* by falsely representing that Mr. Morgan had initiated a credit transaction with each entity. Therefore, each of the Defendants is liable to Mr. Morgan for statutory damages of $1,000 for each request for his consumer credit report or the actual damages he has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

66.     One or more of the Defendants' actions as alleged *supra* were negligent and each such Defendant is liable to Mr. Morgan for actual damages he has sustained by reason of each

financial institution's violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jason Morgan, requests that the Court grant the following relief against each Defendant:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff statutory damages;

3.      Award Plaintiff punitive damages;

4.      Award Plaintiff reasonable attorney's fees;

5.       Award Plaintiff costs;

6.      A trial by jury; and

7.      Such other relief as may be just and proper.

Respectfully submitted,

/s/ James McKenzie
**James McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:     (502) 895-1144
Fax:     (502) 257-7309
james@creditdefenseky.com
hays@creditdefenseky.com